IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ARETHA RAQUEL GUIDRY-DAVIS,** | * |
| **Plaintiff,** | * |
| v. | * CASE NO. 22-cv-00343 |
| **STATE FARM FIRE AND CASUALTY COMPANY,** | * |
| **Defendant.** | * |

## NOTICE OF REMOVAL

Defendant State Farm Fire and Casualty Company ("State Farm"), by and through its undersigned counsel, with full reservation of all defenses, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files its Notice of Removal of this cause from the Circuit Court of Mobile County, Alabama to the United States District Court for the Southern District of Alabama, Southern Division. In support of the removal of this action, State Farm sets forth the following short and plain statement showing the grounds for removal:

### INTRODUCTION

1. This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of cases. *See* 28 U.S.C. §§ 1441(b), 1446(b).

2. Plaintiff Aretha Raquel Guidry-Davis (hereinafter "Plaintiff") instituted Civil Action No. CV-2022-900515, styled *Aretha Raquel Guidry-Davis v. State Farm Fire and Casualty Company,* on April 4, 2022, against State Farm in the Circuit Court of Mobile County, Alabama. Pursuant to 28 U.S.C. § 1446(a), State Farm attaches as **Exhibit A** true and correct copies of all processes, pleadings, and orders served on State Farm in this action and/or otherwise filed in the Circuit Court of Mobile County.

3. In the Complaint, Plaintiff states claims against State Farm for breach of contract and bad faith. *Id.* at ¶¶ 17-27. Specifically, Plaintiff alleges that State Farm issued an insurance policy to Plaintiff that provided coverage to her residence that was in effect on September 16, 2020. Plaintiff further alleges that her property was damaged by Hurricane Sally on September 16, 2020 and that State Farm has failed to pay for the damages owed under the insurance policy. *Id.* at ¶¶ 5-16. In the Complaint, Plaintiff alleges that State Farm has failed to pay property damage allegedly totaling $220,041.88. *Id.* at ¶ 13. Plaintiff alleges State Farm's estimate to repair the damage was $22,155,31. *Id.* at ¶ 10. In addition to property damage, Plaintiff's Complaint seeks compensatory damages, punitive damages, and "costs and expenses as allowed by law". *Id.* at ¶ 27.

4. State Farm investigated Plaintiff's insurance claim and determined that the damage to the property totaled $22,155.31. State Farm attaches as **Exhibit B** a true and correct copy of the State Farm Loss Estimate for Claim No. 01-11P1-04F. After applying the deductible amount of $9,094.00, State Farm made payment to Plaintiff of $7,205.25 for the claim. State Farm attaches as **Exhibit C** a true and correct copy of the Payment Summary for Claim No. 01-1191-04F.

5. During the claim, Plaintiff submitted her own detailed repair estimate to State Farm for the amount she claimed to be owed under the policy. Plaintiff's repair estimate, which was prepared by ATA Loss Consulting, determined that the damages covered under the policy for the repairs totaled $223,722.29.[1] State Farm attaches as **Exhibit D** a true and correct copy of the ATA Loss Consulting estimate that Plaintiff submitted to State Farm. Plaintiff cited in her complaint $220,041.88 as the amount of damages being claimed. (Compl., ¶ 13). Thus, the amount that

---

[1] The replacement cost value for the ATA Loss Consulting estimate totaled $223,722.29 and the actual cash value totaled $220,041.88.

Plaintiff claims to be owed under the insurance policy is at least $197,886.57 more than what State Farm determined ($220,041.88 less State Farm's repair estimate of $22,155.31).

## NOTICE OF REMOVAL IS TIMELY

6. Plaintiff instituted this action on April 4, 2022 in the Circuit Court of Mobile County, Alabama (Ex. A). The summons and Complaint were served upon State Farm's agent for service of process on August 4, 2022. See USPS Return Receipt filed with Circuit Court attached as **Exhibit E**. The Complaint was the initial pleading received by State Farm setting forth the claims for relief upon which this action is based. State Farm is filing this Notice of Removal within thirty days of the receipt of the initial pleadings setting forth the claim for relief upon which this action is based. Therefore, the Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

## THIS CIVIL ACTION IS REMOVABLE TO THIS COURT

7. This action is removable pursuant to 28 U.S.C. § 1441(a) because it is a civil action of which this Court has original jurisdiction pursuant to 28 USC § 1332(a)(1), in that complete diversity of citizenship exists between the Plaintiff and State Farm and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because State Farm is removing this action to the District Court of the United States for the district and division embracing the place where the action is pending.

## COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

8. The Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and because complete diversity of citizenship exists between Plaintiff and

State Farm. Plaintiff is a resident of Mobile County, Alabama (Comp., ¶ 1).[2] Thus, the Plaintiff is, and was at the time of the institution of this civil action and filing of this removal, a citizen of Alabama. State Farm is and was at the institution of this civil action and the filing of this removal, a corporation organized and existing under the laws of the State of Illinois, and having its principal place of business in Bloomington, Illinois. *See* Declaration of State Farm's Finance Director, Tamara Jacquot, attached hereto as **Exhibit G**. As a result, State Farm is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the State of Alabama within the meaning of the Acts of Congress related to the removal of causes.

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

9. On its face, the Complaint alleges that Plaintiff suffered property damages of $220,041.88 that she is claiming, and that State Farm's repair estimate was $22,155.31. (Ex. A). The amount of contract damages claimed in the Complaint is well in excess of the $75,000 required for this Court to obtain diversity jurisdiction over this case. (Compl, ¶¶ 10-13). Therefore, it is facially apparent from the Complaint that the amount in controversy exceeds the jurisdictional requirement and this Court need not consider other evidence to retain this case. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)

10. The amount claimed in Plaintiff's Complaint is also consistent with the detailed repair estimate, which could also be considered by this Court to determine the amount in controversy. *See Silverstein v. Weather Shield Manufacturing, Inc.*, 2020 WL4044715 (S.D. Ala.

---

[2] Plaintiff's Alabama citizenship is further reflected by the declaration page of the insurance policy at issue listing Plaintiff's mailing address in Mobile, Alabama (see Exhibit A to Plaintiff's Complaint) and the Mobile County Property Tax report reflecting that Plaintiff claimed a homestead tax exemption in Mobile, Alabama (attached as **Exhibit F**). A homestead is defined as a single-family owner-occupied dwelling and the land thereto, not exceeding 160 acres. The property owner may be entitled to a homestead exemption if he or she owns a single-family residence and occupies it as their primary residence on the first day of the tax year for which they are applying. https://revenue.alabama.gov/property-tax/homestead-exemptions; see also, Ala. Code § 40-9-19.

2020). Plaintiff submitted a detailed repair estimate prepared by ATA Loss Consulting that contains specific information and costs for the items claimed totaling an actual cash value of $220,041.88. (Ex. D). Thus, Plaintiff's demand and the amount in controversy is at least $197,866.57 ($220,041.88 less the State Farm estimate of $22,155.31).

11. While Plaintiff's claimed property damages here exceed the amount in controversy requirement for this Court to retain jurisdiction, the Court could also retain jurisdiction based on Plaintiff's claim of punitive damages for bad faith. The potential for punitive damages is generally sufficient to show a sufficient amount in controversy even where compensatory damages are substantially less than $75,000. *See, e.g., Krikorian v. Ford Motor Co.,* No. 1:19-00582-KD-N, 2019 WL 7042939 (S.D. Ala. Nov. 6, 2019) (Nelson, M.J.), *adopting report and recommendation*, 2019 WL 7038265 (S.D. Ala. Dec. 20, 2019) (DuBose, C.J.) (in action for fraud involving sale of new vehicle, where difference in value between vehicle as represented and its actual value at the time of sale was approximately $1,000, and where plaintiff alleged unspecified "out-of-pocket costs" and "aggravation and mental anguish," the prospect of punitive damages for defendant's alleged concealment of its defective transmissions demonstrated, by a preponderance of the evidence, that the amount in controversy likely exceeded $75,000); *Henry v. Nationwide Ins. Co.,* No. 06-0612-CG-M, 2007 WL 2409817, at *2 (S. D. Ala. Aug. 22, 2007). As recognized by this Court in *Henry*, "[i]n Alabama, in suits against insurance companies claiming contract breach, fraud or other intentional torts, the punitive damages verdict often exceeds the compensatory damages verdict." 2007 WL 2409817, at *2.

**THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISIFED**

12. As set forth above, this Notice of Removal is filed within thirty days of service of the Summons and Complaint upon the defendant State Farm.

13. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Southern District of Alabama is the appropriate court for filing a notice of removal from the Circuit Court of Mobile County, Alabama, where this action is pending.

14. The Defendant will file with the Clerk of the Circuit Court of Mobile County, Alabama, a copy of this notice and certify that it will promptly give notice of removal to all adverse parties as required by law.

WHEREFORE, State Farm, desiring to remove this case to the United States District Court for the Southern District of Alabama, Southern Division, being the district and division of said Court for the County in which the state court action is pending, prays that the filing of this Notice of Removal with the Clerk of this Court and a copy with the Circuit Court of Mobile County, Alabama, shall effect the removal of this suit to this Court.

Respectfully submitted this the 1st day of September, 2022.

/s/ **Thomas Ryan Luna**
THOMAS RYAN LUNA
PHILIP D. MAHONEY
SAMANTHA N. GUNNOE
Attorneys for Defendant, State Farm
Fire and Casualty Company

OF COUNSEL:

HELMSING, LEACH, HERLONG,
   NEWMAN & ROUSE, P.C.
Post Office Box 2767
Mobile, al 36652
(251) 432-5521 Office
Email: trl@helmsinglaw.com
       pdm@helmsinglaw.com
       sng@helmsinglaw.com

## CERTIFICATE OF SERVICE

  I hereby certify that I have on this the 1st day of September, 2022, served a copy of the foregoing pleading by electronic filing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

William Maxwell Compton, Esquire
MORGAN & MORGAN
25 Bull Street, Suite 400
Savannah, Georgia   31401

           **/s/ Thomas Ryan Luna**
           OF COUNSEL

4863-8349-1886, v. 1